UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NO. 5:06-CR-108-KSF

UNITED STATES OF AMERICA,                                      PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT**
                            **AND RECOMMENDATION**

RUSSELL DAVID NICKELL,                                      DEFENDANT.

## I. INTRODUCTION

This matter came before the Court for a final revocation hearing on September 18, 2013,

as a result of a Supervised Release Violation Report dated May 15, 2013.  The report outlined

four (4) violations of Defendant's supervised release, which included conditions such as,

requiring the Defendant to: 1) refrain from excessive alcohol and drug use; 2) not to commit

another federal, state, or local crime; 3) participate in a substance abuse treatment program; and

4) submit to periodic drug and alcohol testing.  Violation Worksheet. 1, May, 2013.  A

subsequent addendum outlined two additional violations, including an additional federal crime

violation and the use of drugs. Addendum to Supervised Release Violation Report, 1, Aug.,

2013.  At the final hearing, Russell David Nickell (herein after, "Nickell") was present and

represented by retained counsel, C. David Mussetter, and the United States by and through

Assistant United States Attorney, Edwin J. Walbourn. Crim. Mins. 1, Sept. 18, 2013.

Nickell stipulated to the six (6) violations as outlined in the report, waived his right of

allocution before a United States District Judge and requested that the United States Magistrate

Judge recommend a sentence by written order. [Record No. 100, 101].  The United States and the

Defendant advised the Court of a binding agreement for the Court's consideration in this matter

which would impose a twelve (12) month sentence of imprisonment for the said violations to be immediately followed by a twenty four (24) month period of supervised release.  Nickell will also have to pay for and successfully complete a drug rehabilitation program during supervision as part of this agreement.  The matter now stands submitted for a recommendation from the undersigned.  For the reasons that follow, the undersigned will recommend that Nickell be found guilty of the six (6) violations as outlined in the report and addendum to the report, and that the Court adopt the agreement made between Nickell and the United States.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 29, 2006, Nickell appeared before the Court and was sentenced to time served followed by three (3) years of supervised release following a guilty plea to Conspiracy to commit check fraud by making and passing counterfeit organization checks in violation of 18 U.S.C. § 371. Supervised Release Violation Report.  1, May 15, 2013.  Nickell was ordered to pay restitution and was given the standard conditions adopted by the Eastern District of Kentucky, along with additional special conditions, including : 1) no gun or destructive weapon ownership; 2) giving the probation office access to his financial information; 3) inability to open any lines of credit; 4) participation in a mental health treatment; 5) participation in a drug treatment program along with submitting to drug testing; and 6) abstaining from use of alcohol. Id.

On June 29, 2012, Nickell began his term of Supervision through the Probation Office in Ashland, Kentucky. Id.  Three (3) days later, Nickell violated the conditions of his supervised release when he admitted to taking "4-MEC," a form of bath salts.  Id.  A violation report was submitted and he was then allowed to continue his supervised release as originally ordered. Id.

In August, Nickell submitted to a urinalysis and the results came back positive for designer stimulants. Id. at 2. Initially, Nickell denied the use of the substance, but later admitted to buying "Bliss" packaged as plant food and consuming it approximately three (3) times a week. Id. Nickell explained at the time that he had been experiencing anxiety in crowds and problems sleeping which led him to consuming "Bliss". Id. A report was submitted and Nickell was placed on home detention with location monitoring for a period of three (3) months, followed by supervision. Id.

The violations which form the basis of the current action then arose in April of 2013. At that time, Nickell violated two (2) different conditions of his supervised release when a urinalysis came back positive for Alpha-Pyrrolidinopentiophenone (a-PVP), a Schedule I controlled substance. Id. Upon testing positive for the substance, Nickell denied its use. Id. At the final hearing in this matter, he admitted his use and possession, agreeing that all facts contained in the violation report were correct. Therefore he violated both the condition prohibiting drug and alcohol use and not to commit another crime (in this case, possession of a Schedule I substance in violation of 21 U.S.C. § 844(a), a Class E Felony). Id.

On July 17, 2012 pursuant to a special condition of Nickell's supervised release, Nickell was referred to mental health counseling. Id. His recommended monthly treatment sessions were increased to two (2) sessions after a positive drug test and self-reported anxiety. Id. Nickell admitted before the Court that from October of 2012 through April of 2013, he missed a total of ten (10) of the fourteen (14) sessions he was mandated to attend, in violation of the condition requiring participation in a mental health program. Id. During this time Nickell was also referred to substance abuse counseling, where he failed to attend seven (7) of the ten (10) sessions he was

required to attend, in violation of the condition to participate in a substance abuse treatment program. Id.

Nickell's final violations all stemmed from an arrest in Huntington, West Virginia, on August 1, 2013. At that time, Nickell was found in a hotel room by members of the CUFFED task force. Addendum to Supervised Release Violation Report, 1-2, Aug., 2013. The hotel room contained approximately two hundred (200) grams of synthetic cocaine, a set of digital scales, along with baggies, aluminum foil, wine coolers, and a bottle of vodka. Id. Nickell was arrested and charged with Possession of Controlled Substances with Intent to Deliver. Id. at 1. At the final hearing, Nickell admitted to conduct as alleged in the violation report addendum placing him in violation of the conditions of his supervised release which prohibited the possession of a controlled substance and possession of drug paraphernalia. Id. at 2.


III. **ANALYSIS**

Rule 32.1 of the Federal Rules of Criminal Procedure provides that a Court's disposition of a supervised release violation is governed by 18 U.S.C. § 3583. Fed. R. Crim. P. 32.1(d). Pursuant to 18 U.S.C. § 3583, the following standard is applicable to proceedings to revoke a defendant's supervised release:

> The Court may...revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release...if the Court...finds by a preponderance of the evidence that the defendant violated a condition of supervised release.

18 U.S.C. § 3583 (e)(3) (emphasis added).

Under 18 U.S.C. § 3583 (e)(3), the statutory maximum term of imprisonment for Mr. Nickell is no more two (2) years. The Sentencing Guidelines also provide a recommendation

that a person with Nickell's criminal history category (which is a category of one (1)) who has committed a Grade A violation be imprisoned for a period of four (4) to ten (10) months upon revocation of supervised release. U.S.S.G. § 7B1.1; Supervised Release Violation Report, 1, May 15, 2013. But these guidelines are not binding. Therefore, the sentencing Court must, "first calculate the Guideline range, and consider what sentence is appropriate for the individual Defendant in light of the statutory sentencing factors, explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351, 129 S. Ct. 890, 892, 172 L. Ed. 2d 719 (2009). These statutory factors include the: 1) nature and circumstances of the offense and the history and characteristics of the defendant; 2) need for the sentence imposed, including adequate deterrence to criminal conduct, to protect the public from future crimes, and to provide the defendant with needed education or correctional treatment in the most effective manner; 3) kinds of sentences available; 4) sentencing guideline ranges; 5) any pertinent policy statement; 6) need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(a)(7); U.S. v. Webb, 30 F.3d 687, 689 (1994).

## IV. STATUTORY FACTOR APPLICATION

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i)    The nature and circumstances of the offense. In the instant matter, Nickell's violations relate to the illegal use of drugs and failure to follow conditions requiring him to attend substance abuse and mental health treatment. These offenses occurred following other previous, similar violations, where he was allowed to continue on supervision, or sentenced to a period of home detention. His most serious violation is a Grade A violation and given Nickell's

criminal history of category I, the guidelines range of imprisonment is between twelve (12) and eighteen (18) months.

      (ii)     History and characteristics of the Defendant.  Nickell, age 43, possesses a Bachelors of Science Degree in Communications, and a Minor in Marketing.  On December 29, 2006, Nickell was sentenced to time served, to be followed by three years of supervised release following a guilty plea to a violation of Conspiracy to commit check fraud by making and passing counterfeit organization checks in violation of 18 U.S.C. § 371.  The instant matter is a culmination of various violations of Nickell's supervised release all stemming from the same drug addiction and cycle of self-medication that Nickell himself described in his final hearing.  The numerous violations which include taking controlled substances, being found with controlled substances, and missing drug treatment programs all stem from his battle with addiction.

      (iii)    The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to future conduct and to protect the public from further crimes of the Defendant.  The Court notes that the parties and Nickell have jointly recommended a sentence within the guideline range of both imprisonment and supervised release and also include an addition condition on supervision of completion of a drug rehabilitation program, at his own expense.  Considering the Defendant's criminal history category, the instant and past violations in this matter, and his personal history and struggle with drug addiction, the Court finds that the joint recommendation is reasonable and sufficient to address the concerns embodied in 18 U.S.C. § 3553.

      (iv)    In the instant matter, the most serious of the violation committed by the Defendant is a Grade A violation, and under 7B1.4(a), based on the Defendant's criminal history

category of I, the guideline range of imprisonment would be twelve (12) to eighteen (18) months. The maximum statutory period of imprisonment would be a term of not more than twenty four (24) months. 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## V. RECOMMENDATION

Accordingly, and for the reasons provided above, the undersigned hereby recommends that: 1) Defendant's be sentenced to imprisonment for a term of twelve (12) months; 2) Defendant's term of imprisonment be followed by a term of supervised release of twenty four (24) months; and 3) Defendant successfully complete a drug rehabilitation program at his own cost as part of his supervision.

Specific Objections to this Report and Recommendation must be filed within 14 days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed September 23, 2013.



Signed By:
*Edward B. Atkins*
United States Magistrate Judge